UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14345-CIV-SMM

VIRGINIA ELLEN MAIER,

          Plaintiff,

v.

ANDREW SAUL, Commissioner,
Social Security Administration,

          Defendant.

_____/

## ORDER ON THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT (DE 20 & 23)

**THIS CAUSE** comes before this Court upon the above Motions. Having reviewed the Plaintiff's Motion, Defendant's Motion, Defendant's Response, Plaintiff's Reply, and Administrative Record, and having held a hearing thereon on June 2, 2020, this Court finds as follows:

## BACKGROUND

Plaintiff Virginia Ellen Maier ("Plaintiff") filed a Title II application for Social Security disability benefits on November 12, 2015 (Tr. 24). Plaintiff's application alleged disability beginning on December 1, 2011. Id. Plaintiff's claim was initially denied on February 9, 2016, then denied again upon reconsideration on May 6, 2016. Id. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and such a hearing was held on March 13, 2018. Id.

At the beginning of Plaintiff's hearing, the ALJ acknowledged that his method of eliciting testimony was a departure from the usual hearing format (Tr. 46). The ALJ stated that "other judges" allowed claimants to testify first, whereas he permitted the medical experts to testify first.

Id. The experts would be permitted, but not required, to ask Plaintiff any necessary clarifying questions for the purposes of providing their own testimony. Id. The ALJ would then permit Plaintiff's counsel to ask the same medical experts questions. Id. Then, the ALJ said that "[i]f after their testimonies if I still need to speak to you then I'll ask you questions first, then your counsel will be allowed to do so." Id. The ALJ stated that those potential questions would cover two topics: Plaintiff's past fifteen years of work history and Plaintiff's conditions and how they affect her. Id. The ALJ then said that, if needed, he would consult the vocational expert. Id.

Following the testimony of the first medical expert, who did not ask Plaintiff any clarifying questions, the ALJ briefly asked Plaintiff whether her cane was prescribed and how long it had been in use (Tr. 51). The exchange was short, and Plaintiff's attorney was not given the opportunity to ask any questions of Plaintiff. Id. The ALJ then moved on to the next medical expert, who also did not ask Plaintiff any clarifying questions. Id. Following the conclusion of this testimony, the ALJ asked Plaintiff's attorney, "Counsel, shall we go to the VE?" to which Plaintiff's attorney responded, "Sure, judge" (Tr. 56). The vocational expert asked Plaintiff some clarifying questions, testified that there were jobs that Plaintiff could perform, Plaintiff's attorney was permitted to ask the vocational expert questions, and then the judge concluded the hearing (Tr. 62).

The ALJ rendered his decision on July 30, 2018 (Tr. 21). The ALJ determined that Plaintiff was not disabled between the claimed onset date of December 1, 2011, and the date of last insured, which was December 31, 2015 (Tr. 24). The ALJ found that Plaintiff suffered from "diabetes mellitus with peripheral neuropathy; history of fibromyalgia; degenerative joint disease in the left knee; obesity; history of carpal tunnel syndrome; depressive disorder NOS (not otherwise specified) and anxiety disorder NOS" (Tr. 26).

A notice accompanied the decision informing Plaintiff that she could appeal the unfavorable decision to the Appeals Council within 60 days (Tr 21). Plaintiff did so, and in a letter dated July 20, 2019, the Appeals Council denied Plaintiff's request for review (Tr. 1). Plaintiff appealed by filing the instant civil action. A hearing was held telephonically before the undersigned on June 2, 2020.

Plaintiff's appeal is based upon two arguments. First, Plaintiff argues that she was denied due process of law because she was not permitted a meaningful opportunity to testify at her hearing before the ALJ. Second, Plaintiff argues that the Appeals Council erred in denying a review of the newly-submitted evidence. This Court does not substantively address the second argument because this Court agrees with Plaintiff's first argument and subsequently remands Plaintiff's claim for a new hearing.

## STANDARD OF REVIEW

The Commissioner's conclusions of law and application of proper legal standards are reviewed de novo. Lewis v. Barnhart, 285 F.3d 1329, 1330 (11th Cir. 2002). The Eleventh Circuit has held that "there is no presumption. . .that the Commissioner followed the appropriate legal standards in deciding a claim. . ." Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The proper role of a reviewing court is to conduct "an exacting examination" of the Commissioner's legal standards and legal conclusions. Id.

By contrast, the factual findings of the Commissioner's decision (in this case, through the ALJ) are considered conclusive if they are supported by substantial evidence. Bridges v. Bowen, 815 F.2d 622, 524 (11th Cir. 1987). The reviewing court has a limited role in reviewing the

Commissioner's factual findings and cannot re-weigh facts or substitute its judgment for that of the Commissioner. Arnold v. Heckler, 732 F.2d 881, 883 (11th Cir. 1984).

## DISCUSSION

The undersigned concurs with Plaintiff's argument that her inability to meaningfully testify at her hearing before the ALJ rendered the hearing inadequate and subsequently a denial of due process. Furthermore, the undersigned finds that this denial was prejudicial to Plaintiff's claim. Plaintiff is therefore entitled to a remand for a new hearing pursuant to sentence four of 42 U.S.C. § 405(g). This Court explains why below:

### I.      Plaintiff's Inability to Testify at Her Hearing Before the ALJ

### A.   A Disability Claimant has the Right to Testify at a Hearing before the ALJ

A disability claimant's right to testify at a hearing before the ALJ stems from three sources: federal regulations, the Notice of Hearing, and relevant case law.[1]  Federal regulations governing disability hearings provide that any party to a hearing has a "right to appear before the administrative law judge. . .to present evidence and to state his or her position." 20 C.F.R. § 404.950. Regulations further provide that claimants may "present and question witnesses." 20 C.F.R. § 404.929. The hearings allow a claimant to "present [her] views to a disability hearing officer." 20 C.F.R. § 404.916(a). Finally, a claimant has a "procedural right" to "present witnesses and question any witnesses at the hearing." 20 C.F.R. § 404.916(b)(4).

Claimants also receive a Notice of Hearing that advises them of their rights before the ALJ. The "Notice of Hearing" sent to Plaintiff, dated November 15, 2017, informed Plaintiff that the

---

[1] On-point case law regarding this right is scarce because, as the ALJ himself acknowledged, "other judges" only have medical experts testify *after* claimants have had the opportunity to do so (Tr. 46). Perhaps as a result, case law pertaining to the specific issue of a claimant's ability to testify is indirect but nevertheless compelling.

hearing was scheduled "for you to tell me about your case" (Tr. 143). Under the heading "What Happens At the Hearing," the form assured Plaintiff that "You will have a chance to testify and tell [the ALJ] about your case" (Tr. 147). The notice further said that, "You and your representative (if you have one) may…state your case." Id. To stress that Plaintiff's testimony was to be expected, the notice stated that, "I will ask you and any other witnesses questions that will help me make a decision in your case." Id.

Federal case law further supports a claimant's right to testify. The United States Supreme Court has noted that disability hearings should "be liberal and not strict in tone and operation" and that the ordinarily strict rules of evidence should be discarded to permit the admission of all pertinent information. Richardson v. Perales, 402 U.S. 389, 401 (1971). The Court has further noted that, "[i]nherent in the concept of a due process hearing is the decisionmaker's obligation to inform himself about facts relevant to his decision *and to learn the claimant's own version of those facts."* Heckler v. Campbell, 461 U.S. 458, 471, 471 n. 1, 103 S.Ct. 1952, 1959, 1959 n. 1, 76 L.Ed.2d 66 (1983) (Brennan, J., concurring) (emphasis added).  In line with this broad fact-finding guidance, the Eleventh Circuit has held that an ALJ has an obligation to develop a "full and fair record." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). This obligation requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore. . .all relevant facts." Id. at 735.

The Eleventh Circuit has previously held that an ALJ failed in his duty to fully develop the record when he failed to elicit testimony at a hearing from a claimant's spouse that may have been favorable to the claimant. Id. The court noted that the testimony of the claimant's spouse might not be given the same weight as "a disinterested witness" but that "this provides no good reason to fail to elicit the testimony in the first place." Id.   In Wilburn v. Astrue, 626 F.3d 999, 1004 (8th

Cir. 2010), the Eighth Circuit held that a claimant's due process rights were not violated at a hearing, in part, because an ALJ afforded the claimant the opportunity to testify. <u>Wilburn v. Astrue</u>, 626 F.3d 999, 1004 (8th Cir. 2010).   Other federal courts have recognized an opportunity to be heard is critical to providing a claimant with a full and fair hearing.  See, e.g., <u>White v. Barnhart</u>, 235 F. Supp. 2d 820, 826 (N.D. Ill. 2002) (holding that claimant "was not afforded a full and fair hearing as a result of not being given an opportunity to testify at his hearing"); <u>Espinosa v. Sec'y of Health & Human Servs.</u>, 565 F. Supp. 810, 814 (D. Kan. 1983) (recognizing that a "hearing gives the claimant the opportunity to testify, and such testimony should be allowed to develop fully. . .").

**B.  Plaintiff Maier was not Afforded a Full and Fair Opportunity to Testify**

While federal regulations and the Notice of Hearing assure claimants that they will have the opportunity to testify, Plaintiff had little opportunity to speak at her hearing. Plaintiff's testimony was limited to being asked two brief questions about her cane, (Tr. 51), and then being asked a few questions by the vocational expert for the purpose of supporting the vocational expert's testimony (Tr. 57). In fact, whether Plaintiff was going to be permitted to testify at all was said to depend upon the needs of the experts and whether the ALJ needed to hear from Plaintiff after the experts had testified (Tr. 46). This limited opportunity for Plaintiff to speak did not render her able to sufficiently "state. . . her position" before the ALJ, 20 C.F.R. § 404.950, or to "present [her] views to a disability hearing officer," 20 C.F.R. § 404.916(a). Nor was she able to take advantage of the Notice of Hearing's assurances of "a chance to testify and tell [the ALJ] about your case" and an opportunity to "state your case." (Tr. 147).

Nor was Plaintiff's right to be heard fully realized through her attorney's statements on her behalf. Plaintiff's attorney was permitted to object to the exhibits in the file (Tr. 48). He was

permitted to give an opening statement, which he waived (Tr. 48). And he was permitted to ask questions of the first medical expert, (Tr. 50), the second medical expert, (Tr. 55), and the vocational expert, (Tr. 61).

Defendant's arguments to the contrary are unavailing.  First, Defendant argues that "the ALJ provided [Plaintiff's] representative opportunity to ask questions of the medical experts, the vocational expert, and Plaintiff." (DE 25 at 5). This is not entirely true.  While the ALJ permitted Plaintiff's attorney to ask questions of the experts, the ALJ did not give the attorney any opportunity to elicit testimony from the Plaintiff.  Defendant also contends that "[t]he ALJ stated at the outset of the hearing" that he would "allow Plaintiff's representative to question Plaintiff." (DE 25 at 5).  This too is not entirely correct. The ALJ stated that Plaintiff's attorney would have the opportunity to question her <u>if</u> "after their testimonies if I still need to speak to you" (Tr. 46). Therefore, the ALJ indicated that whether Plaintiff would testify would depend upon the needs of the experts and whether the ALJ needed to hear from Plaintiff after the experts had testified. <u>Id.</u>

The Defendant also contends that Plaintiff's attorney could have objected to the ALJ not allowing Plaintiff to testify.  Defendant points out how:

> After the ALJ and Plaintiff's representative both questioned the vocational expert, Plaintiff's representative stated, "Okay, judge. I don't have anything else" (Tr. 56-62). The ALJ then indicated that he was ending the hearing and Plaintiff's representative never indicated that he had any outstanding questions to ask Plaintiff (Tr. 62).

(DE 25 at 6).  A common sense reading of the transcript, however, shows that the attorney's statement "I don't have anything else" was said within the context of questioning the vocational expert (Tr. 62). After the attorney indicated that he had no further questions for the vocational expert, the ALJ swiftly ended the hearing.  The ALJ's response was, "Okay. That's all we have for today. You will receive a decision from my office in the next few months. Take care and we're

off the record" (Tr. 62). The attorney had no further opportunity to address the Plaintiff or the court.

Defendant further contends that "[a]t no point during the hearing did the ALJ refuse to allow Plaintiff's professional representative to question Plaintiff. . ." (DE 25 at 6). Yet, to say that the ALJ did not refuse to permit questioning is not to say that the ALJ permitted questioning. The ALJ began the hearing by stating that he had a specific procedure that he followed (Tr. 46). The ALJ said that he would determine "if [he] still need[ed] to speak to" Plaintiff after he heard from the experts. Id. At no point did the ALJ then permit Plaintiff's attorney to question Plaintiff. Hearings provide an ALJ with the opportunity to fulfill his or her mandate of developing a "full and fair record," Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981), by "scrupulously and conscientiously prob[ing] into, inquir[ing] of, and explor[ing] for all relevant facts." Id. at 735. The Eleventh Circuit has previously held that a failure to elicit favorable testimony from a claimant's spouse indicated an insufficiently-developed record. Id. A record must likewise be insufficiently developed when Plaintiff was unable to meaningfully testify at her own hearing.

The undersigned agrees with Defendant that "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (DE 25 at 5) (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976)). The transcript shows that Plaintiff was not given the opportunity to be heard regarding how her conditions affected her life. Her attorney was not given the opportunity to question Plaintiff at all. The limited roles that both Plaintiff and her attorney were permitted at the hearing were insufficient to meet the promises of the federal regulations governing disability hearings and the assurances of the Notice of Hearing (Tr. 143). Plaintiff was not able to fully enjoy her "procedural right" to "present witnesses and question *any* witnesses at the hearing." 20 C.F.R. § 404.916(b)(4) (emphasis added). Nor were she and her

attorney able to fully "state [her] case" (Tr. 147).  In keeping with the principle of ensuring that Plaintiff is "heard at a meaningful time and in a meaningful manner," Plaintiff should be permitted a more significant opportunity to testify at her hearing.

### C.  Plaintiff was Prejudiced by Not being Allowed to Fully Testify

Defendant argues that even a finding of denied due process would be insufficient to remand for reconsideration. Defendant points to Graham v. Apfel, in which the Eleventh Circuit held that there must also be a "showing of prejudice" to justify remand. 129 F.3d 1420, 1423 (11th Cir. 1997). In Graham, the court noted that in determining whether prejudice is demonstrated, "[t]he court should be guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." Id. at 1423 (internal quotations omitted).

A brief examination of Graham, however, helps to explain why remand is justified in the present case. In Graham, the claimant's attorney had not been notified of the timing of the hearing and the claimant appeared and testified anyway. Id. at 1421. On review, the Eleventh Circuit agreed that the attorney should have been notified. Id. at 1422. Yet, the court found insufficient prejudice because the claimant had been able to testify extensively and the ALJ's questioning had been thorough. Id. at 1423. The court noted that "the ALJ's questioning brought out all aspects of how Graham's symptoms affected her." Id. The court noted that the ALJ had asked the claimant about her living arrangements, how she took care of her baby, her education, her school performance, her medical conditions and treatments, the frequency of her symptoms, and how she felt her impairments affected her ability to function. Because of this thorough questioning by the ALJ, the claimant "failed to demonstrate evidentiary gaps in the record which [would] have resulted in prejudice sufficient to justify a remand to the Secretary." Id. at 1423.

In the present case, Plaintiff was prejudiced by her inability to meaningfully testify at her hearing. Plaintiff was not given the opportunity to testify except to the extent required by the vocational expert and two questions from the ALJ about Plaintiff's cane. The remainder of the testimony at Plaintiff's hearing came from experts. Nor was Plaintiff's attorney given the opportunity to question Plaintiff. At step two of the disability analysis, the ALJ found Plaintiff to have a variety of severe impairments. These impairments included conditions which lack objective clinical evidence, such as fibromyalgia. The Eleventh Circuit has noted that fibromyalgia "often lacks medical or laboratory signs, and is generally diagnosed mostly on [an] individual's described symptoms." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). Furthermore, "a claimant's subjective complaints of pain are often the only means of determining the severity of a patient's condition and the functional limitations caused thereby." Somogy v. Comm'r of Soc. Sec., 366 F. App'x 56, 64 (11th Cir. 2010). Plaintiff's limited opportunity to testify at her hearing would itself indicate a sufficient evidentiary gap as to justify remand. Plaintiff's testimony only becomes more critical when a determination about the severity of her impairments potentially turns on her subjective testimony. As a result, Plaintiff's lack of opportunity to meaningfully testify is prejudicial to her claim.

## II.     The Denial of Review by the Appeals Council

This Court does not rule on the merits of Plaintiff's argument pertaining to the new documentation submitted by Plaintiff to the Appeals Council. The Eleventh Circuit has previously noted that a court need not address every claim raised when it decides to remand for one of the raised claims. Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986).

This Court leaves to the Commissioner's discretion whether the new documentation submitted by Plaintiff is material to Plaintiff's claim. Because this Court is remanding for the issue

of due process and did not conduct a thorough analysis of the new documentation, this Court will not compel the Commissioner to handle the new documentation in any particular manner. However, on remand, the ALJ will have the opportunity to fully review the documents in question and to make a credibility and materiality determination. <u>Diorio v. Heckler</u>, 721 F.2d 726, 729 (11th Cir. 1983) (holding that the Secretary can review the complete record, including new evidence, on remand).

<u>**CONCLUSION**</u>

This Court agrees with Plaintiff that her hearing before the ALJ was inadequate due to her lack of a meaningful opportunity to testify. Plaintiff should have been given an opportunity to testify independent of the needs of the medical and vocational experts. Additionally, this lack of an opportunity was prejudicial to Plaintiff's claim. Consequently, this Court finds Plaintiff entitled to a remand for a new hearing with the opportunity to testify as permitted by the relevant regulations and Notice of Hearing, and as further instructed above, pursuant to sentence four of 42 U.S.C. § 405(g).

It is therefore,

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment (DE 20) is **GRANTED**. Defendant's Motion for Summary Judgment (DE 23) is **DENIED**. This case is **REMANDED** back to the Commissioner for a new hearing pursuant to sentence four of 42 U.S.C. § 405(g).

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this  24th  day of July, 2020.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE